**COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY, Petitioner**

v.

**Ronald RUDBERG, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 18, 2011.

Decided Dec. 8, 2011.

---

Thomas P. Howell, Assistant Counsel, Harrisburg, for petitioner.

Dena Lefkowitz, Chief Counsel, and J. Chadwick Schnee, Assistant Chief Counsel, Harrisburg, for amicus curiae Office of Open Records.

BEFORE: LEADBETTER, President Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.

The Department of Labor and Industry (Department) appeals from the September 20, 2010, order of the Office of Open Records (OOR), which directed the Department to produce employee performance review (EPR) records of unsuccessful applicants for the position of Vocational Rehabilitation Manager I, subject to redaction of personal information. We vacate and remand.

Ronald Rudberg (Requester) filed a request with the Department pursuant to the Right to Know Law (RTKL)[1] seeking employment interview records for the position of Vocational Rehabilitation Manager I. Requester sought, among other records, "all interviewee ... Employee Performance Reviews (EPRs)...." (Reproduced Record (R.R.) at 2a.) The Department denied the request for the EPR records of those individuals that it did not hire for the position on the ground that they were exempt from disclosure pursuant to section 708(b)(7) of the RTKL, (R.R. at 4a), which provides as follows:

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

(b) EXCEPTIONS.—... [T]he following are exempt from access by a requester under this act:

. . . .

(7) The following records **relating to an agency employee:**

. . . .

(ii) A performance rating or review.

. . . .

(iv) The employment application of an individual who is not hired by the agency.

65 P.S. § 67.708(b)(7) (emphasis added).[2]

Requester appealed to OOR arguing that the records were not exempt under section 708(b)(7). (R.R. at 6a–7a.) After review, OOR granted Requester's appeal with regard to the EPRs of the unsuccessful applicants. Recognizing that an agency bears the burden of proving that a record is exempt from disclosure under the RTKL and that exemptions under the RTKL are to be narrowly construed, OOR reasoned that the Department failed to "provide sufficient legal or factual basis that the EPRs related 'to an agency employee,' rather than merely applicants for employment...." (R.R. at 18a.) Accordingly, OOR reversed the Department's decision insofar as it failed to produce the EPRs and ordered it to provide Requester with all EPRs for unsuccessful job applicants, subject to redaction of personal identification information.[3] This appeal ensued.

■■■ On appeal to this Court,[4] the Department first contends that OOR raised the issue of whether the EPRs for the unsuccessful applicants relate to an agency employee and thus are exempt from disclosure under 708(b)(7)(ii) of the RTKL *sua sponte*. The Department asserts that, although Requester's appeal to OOR cited section 708(b)(7) of the RTKL, Requester did not specifically reference section 708(b)(7)*(ii)* of the RTKL, which provides that performance reviews relating to an agency employee are exempt from disclo-

2. It is undisputed that the EPR of the individual who was hired by the Department is exempt from disclosure under the RTKL. (R.R. at 18a.)

3. In addition to the EPRs, Requester requested other records pertaining to the employment interviews, which the Department denied on the ground that they reflected the internal predecisional deliberations of the agency or on the ground that no responsive records existed. OOR affirmed the Department's decision with respect to these records.

4. Our scope and standard of review in an appeal from OOR are as follows:

'The scope of review for a question of law under the [RTKL] is plenary.' *Stein v. Plymouth Twp.*, 994 A.2d 1179, 1181 n. 4 (Pa.Cmwlth.2010). In *Bowling v. Office of Open Records*, 990 A.2d 813 (Pa.Cmwlth. 2010) (en banc), appeal granted, —— Pa. ——, 15 A.3d 427 (2011), we concluded that our standard of review under the RTKL is as follows: 'A reviewing court, in its appellate jurisdiction, independently reviews [Open Records'] orders and may substitute its own findings of fact for that of the agency.' *Id.* at 818. Further, "a court reviewing an appeal from a [decision of an Open Records] hearing officer is entitled to the broadest scope of review." *Id.* at 820. Under this broad standard we review "the record on appeal," which includes: the request for public records, the agency's response, the appeal, the hearing transcript, and the final written determination of the appeals officer. *Id.* at 820–21. Additionally, this Court may review other material, including party stipulations and also may conduct an in camera review of the documents at issue. *Id.* at 820–23. Finally, we may supplement the record by conducting a hearing or direct such supplementation by remanding the matter to Open Records. *Id.* at 823 n. 11.

*Department of Corrections v. Office of Open Records*, 18 A.3d 429, 432 (Pa.Cmwlth.2011).

In addition, we note that Requester is not participating in this appeal. However, OOR has filed a brief as *amicus curiae*, which addresses the issues raised by the Department.

sure. Therefore, the Department asserts that it did not have notice or an obligation to present evidence on the issue. We disagree.

Section 903(2) of the RTKL, 65 P.S. § 67.903(2), provides that an agency is required to state specific reasons for denying a RTKL request and to include a citation of supporting legal authority. Here, in denying Requester's RTKL request, the Department cited section 708(b)(7), but did not specifically reference subsection (ii):

> ... [T]he Department has withheld information that is exempt from disclosure by law, as follows:
>
> . . . .
>
> We did not provide employment applications, resumes or EPRs of individuals not hired by the agency as requested in paragraph 5 of your request. *This information is exempt from disclosure under 65 P.S. § 67.708(b)(7).*

(R.R. at 4a) (emphasis added). In response to the Department's decision, Requester appealed to OOR arguing that the records were not exempt under section 708(b)(7) of the RTKL, citing the statute exactly as it was set forth by the Department in its decision. (R.R. at 6a–7a.) In light of the foregoing, we do not agree with the Department that Requester's failure to cite subsection (ii) on his appeal form precluded OOR from reaching that issue or that OOR improperly raised the issue *sua sponte.*

Moreover, the Department acknowledged in a letter brief to OOR that it was aware that section 708(b)(7)(ii) of the RTKL was at issue in Requester's appeal. The Department specifically argued in its letter brief that section 708(b)(7)(ii) protects a performance rating or review, that EPRs are exempt from disclosure, and that the Department properly denied Requester access to the information regarding individuals who were not hired by the

agency. (R.R. at 11a.) Therefore, the Department's assertion that it did not have notice of the issue is not supported by the record.

Next, the Department contends that it carried its burden to show that the EPRs are exempt from access under section 708(b)(7)(ii) of the RTKL. Again, we disagree.

■ Section 301(a) of the RTKL directs Commonwealth agencies to provide public records in accordance with the act. 65 P.S. § 67.301(a). A record in the possession of a Commonwealth agency is presumed to be a public record, unless the record is exempt under section 708 of the RTKL. Sections 102 and 305 of the RTKL, 65 P.S. §§ 67.102, 67.305. The burden is on the Commonwealth agency to prove by a preponderance of the evidence that a particular record is exempt under section 708 of the RTKL and, therefore, is not a public record subject to disclosure. Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1); *Pennsylvania State Troopers Association v. Scolforo,* 18 A.3d 435 (Pa.Cmwlth.2011). Because the RTKL is remedial legislation designed to promote access to government information, exemptions from disclosure must be narrowly construed. *Pennsylvania State Troopers Association.*

It is undisputed that EPRs are a species of performance review. Thus, under the plain language of section 708(b)(7)(ii) of the RTKL, an EPR is exempt from disclosure when it relates to an agency employee. During the proceedings before OOR, the Department relied solely upon the following argument to support its position that the EPRs were exempt:

1) Requester asserts that nothing in 65 P.S. § 67.708(b)(7) exempts 'employment applications, resumes or EPRs of individuals not hired by the agency.' How-

ever, 65 P.S. § 67.708(b)(7)(iv) explicitly protects 'the employment application of an individual who is not hired by the agency.' Further, 65 P.S. § 67.708(b)(7)(ii) protects a 'performance rating or review.' Therefore, both EPRs and applications are clearly exempt from disclosure. In addition, the OOR has held that resumes of non-hires (as part and parcel of applications) are properly withheld under this section. *See, e.g. Bartley v. Lock Haven University*, OOR Appeal No. 2009–0931 [2009 WL 6504582] (November 30, 2009). Thus, the Department properly denied access to the requested information regarding individuals not hired by the agency.

(R.R. at 11a.) The Department did not present any evidence or additional legal argument in support of its position that the EPRs are exempt from disclosure.

■ Although the Department asserted before OOR that it was "clear" that the EPRs are exempt under section 708(b)(7)(ii) of the RTKL, that section exempts only those EPRs that relate to an agency employee and not those related to unsuccessful applicants for employment. The record reveals that the Department denied the RTKL request on the ground that it does "not provide employment applications, resumes *or EPRs* of individuals not hired by the agency...." (R.R. at 4a) (emphasis added). The Department did not assert in its decision denying the RTKL request that EPR records for unsuccessful applicants for employment do not exist. Moreover, there is no evidence in the record on the status of the unsuccessful applicants, in particular, whether the unsuccessful applicants were Department employees, employees of other agencies, or persons attempting to move from the private sector to state government

Notwithstanding the foregoing, the Department raises two arguments in this appeal that are highly relevant to the question of whether EPRs of unsuccessful applicants relate to an agency employee but were never developed by the Department during the proceedings before OOR. First, in footnote 2 of its brief, the Department indicates that the job opening was a "promotion without examination," which is a type of position available only to Commonwealth employees. (Department's brief at 9.) Hence, any EPR in the Department's possession must relate to an agency employee. Second, the Department argues that "EPR" is a term of art and that EPRs relate only to agency employees as a matter of law. This argument relies upon section 9.2 of the Commonwealth's personnel rules, set forth in Management Directive 505.7, which provides as follow:

**9.2  Performance Evaluation System.** (a) The performance evaluation instrument covering most commonwealth employees is the Employee Performance Review (EPR) Form 363L. *This instrument is used for all employees under the Governor's jurisdiction*, including management, supervisory and rank and file. The only exceptions are cabinet officials, Liquor Control Board Wine & Spirits Stores personnel, Department of Education teachers in the D4 bargaining unit, attorneys and law clerks under the jurisdiction of the Office of General Counsel and other categories of employees designated by the Office of Administration.

(Department's brief at 11) (emphasis added).

■ If either or both of the Department's arguments are correct, then the only EPRs in its possession relate to Commonwealth employees within the Department or another department of the Com-

monwealth. As noted above, the EPRs of Department employees are exempt from access pursuant to section 708(b)(7)(ii) of the RTKL. We find that the EPRs of employees of other Commonwealth departments in the possession of the Department are also exempt pursuant to section 708(b)(7)(ii). To determine otherwise would defeat the purpose of the exemption.

In light of the outstanding questions of fact and law in this case, we conclude that further development of the record is necessary to determine whether the EPRs of unsuccessful applicants in the possession of the Department relate to its own employees or employees of other Commonwealth agencies and thus are exempt under the RTKL. In this circumstance, our broad scope of review in RTKL appeals authorizes this Court to supplement the record by either conducting a hearing or by directing such supplementation by remanding the matter to OOR. *Department of Corrections.* In this instance, we believe a remand is in order. Accordingly, we vacate OOR's decision and remand this matter to OOR with instructions to conduct an evidentiary hearing to supplement the record and to issue a new decision.

Accordingly, OOR's order is vacated and the case is remanded for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 8th day of December, 2011, the September 20, 2010, order of the Office of Open Records is hereby vacated and this matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.