# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luzerne County,                     :
                Appellant           :
                           :   No. 1185 C.D. 2023
           v.                  :
                           :   Argued: December 9, 2024
Ben Herring                         :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE STACY WALLACE, Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                **FILED:  August 6, 2025**

Luzerne County (County) appeals from the order entered by the Court of Common Pleas of Luzerne County (trial court). The trial court affirmed an order issued by the Office of Open Records (OOR), which ordered the disclosure of certain records requested by Ben Herring (Requester) under the Right-to-Know Law (RTKL).[1] Requester sought video surveillance of government buildings involved in the 2022 elections. We deny Requester's application to dismiss the appeal and affirm.

## I. BACKGROUND[2]

In November 2022, Requester, in relevant part, requested video surveillance footage of all Luzerne County buildings where election equipment was stored, picked up, and received, between September and November 2022. The County eventually denied the request, reasoning that such footage implicated the

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] We state the facts in the light most favorable to the prevailing party. _Honaman v. Twp. of Lower Merion_, 13 A.3d 1014, 1025 (Pa. Cmwlth. 2011) (resolving RTKL issue).

safety or security of the buildings. The County also reasoned that releasing such footage would reveal the employees responsible for moving election equipment, as well as when and how the equipment was transferred. Requester appealed to the OOR.

Before the OOR, the County only invoked the RTKL's "safety or security" exception. Trial Ct. Op., 9/14/23, at Ex. E, at 4. Because the County failed to present sufficient evidence in support of the safety or security exception, the OOR rejected it. The OOR nevertheless added that under the Election Code, the requested records were not "unconditionally available to the public." *Id.* at 5. The OOR thus ordered disclosure, and the County appealed to the trial court.

Before the trial court, the County invoked three grounds for nondisclosure: (1) the Election Code; (2) the RTKL's building safety or security exception; and (3) the RTKL's criminal investigation exception.[3] At the April 2023 hearing, only Eugene Gurnari, the chief deputy sheriff, testified for the County. *See generally* Notes of Testimony (N.T.), 4/13/23. He explained that the requested footage "would show the removal and the return of [election] machines but not their transportation on the trucks." Trial Ct. Op., 9/14/23, at 8. However, per Gurnari, absent a subpoena or request by law enforcement, the County has never released such footage because of employee safety and to prevent disclosure of the locations of "dummy" cameras. Gurnari also testified about threats against the County's employees and employees of the company involved in the County's voting process. N.T. at 16.

---

[3] The County did not specifically plead the RTKL's personal security exception, although it suggested that the footage would create "a concern for the physical safety of the persons charged with moving the" equipment. Am. Notice of Appeal/Pet. for Rev., 1/26/23, ¶ 29; *accord* Trial Ct. Op., 9/14/23, at 19. As discussed herein, the County presented, without objection, testimony about threats to its employees at the hearing. *Id.*

In response, Requester noted that he only wanted the footage to see if a secure bag holding certain types of ballots was sealed and untampered. *Id.* at 10. Because Requester only wanted to see footage of the bag, he conceded that the footage could blur or omit people and their faces. *Id.* ("Faces could be blurred, people can be omitted. I don't care who the people are."). The County did not counter with testimony or evidence explaining why redacted footage would still impact personal security. *See generally id.* At the end of the hearing, the trial court kept the record open and granted the County permission to submit any supporting affidavits. Following the hearing, the County allegedly submitted the affidavits of Gurnari and Beth Gilbert, then the acting deputy director of the County's Elections Bureau. Gilbert apparently averred that she and her family have been threatened because of her position.[4]

The trial court affirmed OOR adverse to the County, rejecting the County's concerns about the "dummy" cameras as speculative. As for the threats to the County's employees, the court agreed with Requester that the employees' faces could be blurred. The court thus ordered the County to disclose the requested records, albeit with blurred faces. In regard to the Election Code, the court reasoned that such records could be disclosed under the RTKL. Trial Ct. Op., 9/14/23, at 14.

The County timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement, which did *not* challenge the trial court's reasoning rejecting the County's invocation of the building-safety exception under 65 P.S. § 67.708(b)(3). *See* Pa.R.A.P. 1925(b) Statement, 10/23/23; *see also* Requester's Br. at 19.[5]

---

[4] Although the affidavits were attached to the County's appellate brief, *see* Cnty.'s Br. at Exs. B, C, they were not part of the record transmitted to this Court, and thus, we cannot consider them. *See Twp. of Bristol v. 1 Enters., LLC*, 177 A.3d 1045, 1049 n.3 (Pa. Cmwlth. 2018) (*Bristol*) (noting our review is limited to the documents in the trial court's record).

[5] The County did not file a docketing statement that complied with Pa.R.A.P. 3706(b)(1).

## II. ISSUES

The County raises four issues, which we combine into three to reflect their appellate brief.[6] First, the County contends that it sufficiently established a valid personal-security exception to disclosing the footage. Cnty.'s Br. at 9. Second, the County argues that the Election Code prohibits disclosure. *Id.* Third, the County asserts that the records are exempt from disclosure indefinitely due to a criminal investigation. *Id.*

## III. DISCUSSION[7]

### A. Personal and Building Security Exceptions

In support of its first issue, the County asserts that the trial court failed to appropriately weigh the affidavits of Gurnari and Gilbert. *Id.* at 20. In the County's view, their affidavits established that it was "more likely than not" that disclosure of the footage would negatively impact County employees' personal security. *Id.* at 22. The County emphasizes that a reasonable person would have accepted Gurnari's affidavit as credible and reiterates Gilbert's averments of threats against her and her family. *Id.* at 22, 26-27. In support of its *personal* security exception, the County also invokes the *building* security exception under 65 P.S. §

_____

Requester applied to dismiss the County's appeal on this and other grounds, *e.g.*, the County's purported violation of the Sunshine Act, 65 Pa.C.S. §§ 701-716. We deny Requester's application. We note that a purported violation of the Sunshine Act is not an independent basis to dismiss an appeal properly within our appellate jurisdiction.

[6] The argument section of the appellate brief must "be divided into as many parts as there are questions to be argued . . . ." Pa.R.A.P. 2119(a); *Commonwealth v. Briggs*, 12 A.3d 291, 343 (Pa. 2011) (noting that the "briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference").

[7] Because the trial court was the Chapter 13 reviewing court, we review the trial court's order for an abuse of discretion, which includes an error of law. *Am. C.L. Union of Pa. v. Pa. State Police*, 232 A.3d 654, 662-63, 665 (Pa. 2020) (*ACLU*). Because our scope of review is necessarily limited to the trial court record, *see Bristol*, 177 A.3d at 1049 n.3, we decline to consider any exhibits attached to the parties' briefs that are not part of the record. *See, e.g.*, Cnty.'s Br. at Ex. D (Public Report of the District Attorney, 2022 General Election).

4

67.708(b)(3), which was not raised in its Rule 1925(b) statement. *Id.* at 25-26.

Requester counters that the County has waived these exceptions. Requester notes that the County never raised the personal security exception before the OOR or in its initial appeal to the trial court. Requester's Br. at 20-21. Moreover, per Requester, this is not the "rare, extraordinary case" that would permit the County to raise new grounds for denying the RTKL request before the trial court. *Id.* at 21. As for the building security exception, Requester asserts waiver because the County did not preserve this exception in its Rule 1925(b) statement. *Id.* at 19.

On the merits, Requester argues that the County did not establish the "personal security" or "building security" exceptions under 65 P.S. §§ 67.708(b)(1), (3). *Id.* at 22. Requester specifically rejects the County's attempt to compare his request for video footage from buildings that store election equipment to requests involving far more sensitive, law enforcement settings, such as a prison or police department. *Id.* at 23-24. Further, Requester consents to the trial court's decision to eliminate any risk to the personal security of County employees by blurring or redacting their faces from the requested footage. *Id.* at 24.

### 1. Waiver of the Building Security Exception

Pennsylvania Rule of Appellate Procedure 1925(b)(4) requires that the appellant identify issues with sufficient specificity so the trial court may address the issue in its opinion. In *Commonwealth v. Price*, 284 A.3d 165 (Pa. 2022), the Commonwealth's Rule 1925(b) statement asserted that the trial court had erred by granting the defendant's motion to suppress. *Price*, 284 A.3d at 167. In support of this assertion, the Commonwealth specifically challenged the trial court's conclusion that a police affidavit lacked probable cause sufficient to justify a search warrant. *Id.* However, in its appellate brief, the Commonwealth invoked the inevitable

discovery doctrine. *Id.* at 168; *accord Commonwealth v. Price*, 244 A.3d 1250, 1253 (Pa. Super. 2020) (citing Commonwealth's appellate brief). The Superior Court reasoned that the Commonwealth did not waive invocation because the doctrine was a subsidiary issue subsumed within probable cause. *Price*, 284 A.3d at 168.

Our Supreme Court reversed, holding that even though the Commonwealth had raised and preserved the doctrine of inevitable discovery in the trial court, the applicability of the doctrine was not an issue subsidiary to a claim of adequate probable cause. *Id.* at 169-70, 173. It was not a subsidiary issue because the doctrine requires "different arguments and evidentiary support" than the existence of probable cause. *Id.* at 173. Thus, the Superior Court erred. *Id.*; *accord Borough of W. Easton v. Mezzacappa* (Pa. Cmwlth., No. 1278 C.D. 2014, filed June 8, 2015), 2015 WL 5446723, at *8 n.5 (holding a municipality waived its RTKL issue by failing to raise it in the Rule 1925(b) statement).[8]

The *Price* Court's reasoning is instructive here. Under the RTKL, the building security exception applies when disclosure of a record "creates a reasonable likelihood of endangering the safety or the physical security of a building." 65 P.S. § 67.708(b)(3). In contrast, the personal security exception exempts disclosure of a record "reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." *Id.* § 67.708(b)(1)(ii). To paraphrase our Supreme Court, Section 708(b)(1)(ii) and (b)(3) require different arguments and evidence, *i.e.*, proving one exception does not necessarily prove the other exception. *See Price*, 284 A.3d at 173. Therefore, we reject the County's attempt to shoehorn its building security argument into its personal security argument and agree with Requester that the County has waived any argument under 65 P.S. § 67.708(b)(3).

---

[8] We may conditionally cite unreported decisions of this Court. Pa.R.A.P. 126(b).

## 2. Merits of the Personal Security Exception

The RTKL also permits redaction of a public record to ensure an individual's personal security. 65 P.S. § 67.706. We have suggested that the agency may "redact responsive records and thus render them non-threatening to public safety." *Carey v. Pa. Dep't of Corr.*, 61 A.3d 367, 377 (Pa. Cmwlth. 2013). For instance, we have affirmed the disclosure of records that redacted the home addresses of police officers. *Pa. State Troopers Ass'n v. Scolforo*, 18 A.3d 435, 441 (Pa. Cmwlth. 2011). If the agency nonetheless believes that even redacted records pose a threat to an individual's personal security, then the agency still retains the burden of proving nondisclosure. *Id.* at 440 (noting the agency "failed to produce any evidence" that the redacted information would jeopardize an individual's security).

In that regard, the County had the burden of proving that even redacted footage was "reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." *See* 65 P.S. § 67.708(b)(1)(ii); *Scolforo*, 18 A.3d at 441. The County did not present any such testimony or evidence during or after the hearing. *See generally* N.T. Further, although not of record, we note that the County's affidavits do not address why *redacted* footage poses a personal security risk. *See* Cnty.'s Br. at Exs. B, C.

To the extent that the County assails the trial court's weighing of the evidence and that the trial court should have accepted Gurnari's affidavit as credible, those arguments do not establish reversible error. It is long settled that in our appellate role, we do not reweigh evidence and render credibility determinations. *See In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010). On this record, we agree with the trial court that the County simply failed its burden of proving the personal security

7

exception, particularly after Requester agreed to redacting any footage.

## B. Election Code Exception

Next, the County concisely argues that the footage is exempt under the Election Code. The County suggests that its Board of Elections retains custody of the requested footage, which could be released to the public, albeit subject to the RTKL. Cnty.'s Br. at 29-30. However, because the requested footage is "protected and exempt under the RTKL," the County summarily opines that "under the Election Code, such records must be deemed exempt . . . ." *Id.* at 31 (citation modified). Thus, to be clear, the County offers no independent grounds under the Election Code that render the requested records exempt from disclosure. *See id.* at 29-31.

Requester first counters that the County waived the Election Code argument by not raising it to the OOR. Requester's Br. at 25. Second, on the merits, Requester construes the County's argument as reflecting its agreement with the trial court's Election Code rationale. *Id.* at 25-26 (opining that "the County does not challenge the trial court's holding with respect to the Election Code").

We generally agree with Requester that the County must timely invoke grounds for non-disclosure. *Pennsylvanians for Union Reform v. Pa. Off. of Admin.*, 129 A.3d 1246, 1251 n.12 (Pa. Cmwlth. 2015); *see also McKelvey v. Pa. Dep't of Health*, 255 A.3d 385, 409 (Pa. 2021) (affirming this Court's refusal to permit a party to introduce "supplemental evidence or to remand to OOR to reopen the record" because, *inter alia*, allowing a party to "introduce new evidence at later stages of the proceedings" "undercuts the RTKL's goals"); *Highmark Inc. v. Voltz*, 163 A.3d 485, 491 (Pa. Cmwlth. 2017) (*en banc*) (declining, in resolving an RTKL issue, to review a party's "additional evidence as factfinder, or to remand to OOR to open the record to accept this evidence. To allow a remand . . . amounts to giving [the party] the

proverbial second bite at the apple").

However, we decline to find waiver of this issue. Rather, we reject the County's argument because it is essentially derivative in nature: the County explicitly relies on its prior legal argument that the requested records are exempt under the RTKL's building and personal security exceptions. *See* Cnty.'s Br. at 31.

Very simply, all local agency records, including records in the county board of elections' possession, are presumed public. Sections 305(a) and 701(a) of the RTKL, 65 P.S. §§ 67.305(a), 67.701(a); Section 320 of the Election Code, 25 P.S. § 2648 (permitting public inspection of records, subject to certain provisions).[9] A board of elections may prove that a record is exempt from disclosure on at least two grounds. First, the board may prove the record is exempt from disclosure if it can establish one of the exceptions enumerated in Section 708 of the RTKL. 65 P.S. § 67.305(a)(1). Second, the board may prove the record is exempt because of another potentially conflicting state law, such as the Election Code. *Id.* §§ 67.305(a)(3), 67.3101.1.[10]

As we explained above, the County is due no relief under the building and personal security exceptions under the RTKL. Further, the County did not direct this Court's attention to any provision of the Election Code that bars disclosure. As Requester correctly notes, the County apparently agrees with the trial court's

---

[9] Section 320 of the Election Code provides that the "records of each county board of elections . . . and other documents and records in its custody . . . , shall be open to public inspection, except as herein provided . . . That such public inspection thereof . . . shall be subject to proper regulation for safekeeping of the records and documents. . . ." 25 P.S. § 2648.

[10] Section 305(a) of the RTKL provides that a "record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record. The presumption shall not apply if: (1) the record is exempt under section 708; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree." 65 P.S. § 67.305(a)(1)-(3). Section 3101.1 of the RTKL states that if the RTKL's record access provisions conflict with any other state law, then the RTKL's provisions "shall not apply." *Id.* § 67.3101.1.

9

conclusion that under the Election Code, such records may be provisionally disclosed. *See* 25 P.S. § 2648; Trial Ct. Op., 9/14/23, at 14. Because the County failed to present any independent basis for nondisclosure under the Election Code, it did not establish reversible error. *See ACLU*, 232 A.3d at 662-63, 665.

### C. Criminal Investigation Exception

Finally, the County argues that the records are exempt because they are part of an ongoing criminal investigation into the 2022 election. Cnty.'s Br. at 31. Further, per the County, such records remain exempt from disclosure even after the investigation is complete. *Id.* at 31-34. In support, the County attaches a document that was not presented to the OOR or trial court, *i.e.*, the "Public Report of the District Attorney – 2022 General Election." *Id.* at Ex. D.

Requester counters that the County waived this argument on several grounds: (1) failed to raise it to the OOR; (2) failed to argue it before the trial court; and (3) failed to present any evidence substantiating the investigation at the hearing. Requester's Br. at 26. Requester criticizes the County for attaching an exhibit to its appellate brief that was never presented to the trial court to substantiate the criminal investigation exception. *Id.* at 27 (referencing Ex. D).

Generally, we distinguish between (1) whether the RTKL requires raising a particular argument before the OOR or trial court, *i.e.*, tribunals acting in a fact-finding capacity, and (2) raising and preserving an argument for *appellate* review. The RTKL's apparent dispensation permitting a party to present new grounds to the OOR for the first time does not negate a party's obligation to raise and preserve such issues for *appellate* review. The reason a party must raise and preserve issues before the factfinder is that this Court, sitting in its appellate capacity, is not a factfinder: we are an error-correcting court. *Berg v. Nationwide Mut. Ins.*

10

*Co.*, 235 A.3d 1223, 1229 (Pa. 2020). Because our role is to correct errors by the lower tribunal, we cannot entertain new evidence never presented to such tribunal. *Bristol*, 177 A.3d at 1049 n.3; *see McKelvey*, 255 A.3d at 409; *Voltz*, 163 A.3d at 491.

Instantly, we agree with the trial court that the County failed to present any evidence, let alone a preponderance of the evidence, establishing any alleged criminal investigation. *See* Trial Ct. Op., 9/14/23, at 16. The County did not question Gurnari about any criminal investigation. *See generally* N.T. Even if we could consider them, the non-record affidavits attached to the County's brief do not reference any investigation. *See* Cnty.'s Br. at Exs. B, C; *Bristol*, 177 A.3d at 1049 n.3. Similarly, as a court of review, we decline to consider for the first time on appeal an alleged public report detailing any such investigation. *See Bristol*, 177 A.3d at 1049 n.3; *Voltz*, 163 A.3d at 491.[11]

### IV. CONCLUSION

For these reasons, we affirm the trial court. The County waived its building security exception argument because it failed to preserve the issue in its Pa.R.A.P. 1925(b) statement. We reject the County's attempt to shoehorn its waived argument as additional support that it proved the personal security exception. Further, the County did not prove that redacted records implicated the personal security exception. The County's derivative Election Code argument necessarily fails and, regardless, the County did not establish a conflict with the RTKL. Finally, the County failed to prove its criminal investigation exception before the trial court

---

[11] We need not address the trial court's *dicta* that the County's argument is "moot" because the alleged criminal investigation concluded. Trial Ct. Op., 9/14/23, at 16. Nevertheless, we note that the criminal investigation exception does not expire. *Barros v. Martin*, 92 A.3d 1243, 1250 (Pa. Cmwlth. 2014) (*per curiam*). To be clear, our decision does not address the substantive merits of any building security or criminal investigation exception. The County's procedural missteps bar any merits decision. To the extent Requester suggests we award him counsel fees, we deny his request.

11

and cannot present new evidence for the first time on appeal.

_____
**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luzerne County,               :
         Appellant        :
                        :    No. 1185 C.D. 2023
           v.            :
                        :
Ben Herring              :

## **O R D E R**

AND NOW, this 6th day of August, 2025, we AFFIRM the September 14, 2023 order entered by the Court of Common Pleas of Luzerne County in favor of Ben Herring.  We DENY the application to dismiss filed by Herring.

_____
**LORI A. DUMAS, Judge**