**Burton STEIN, Appellant**

v.

**PLYMOUTH TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 2010.

Decided April 26, 2010.

Reargument Denied June 14, 2010.

Burton Stein, Plymouth Meeting, for appellant.

Herbert F. Rubenstein, Broad Axe, for appellee.

BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge PELLEGRINI.

Burton Stein (Stein) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) affirming the decision of the Office of Open Records (OOR) denying his request for access to names of the individual or entity (complainant) that caused Plymouth Township (Township) to initiate an enforcement action. Finding no fault with the OOR's decision that it falls within the "complaint exemption," we affirm the trial court's decision.

In the spring of 2007, the Township received a complaint regarding properties owned by Stein at 111 and 113 W. Germantown Pike for allegedly being used for office space in violation of existing zoning regulations. As a result of the complaint, the Township initiated an enforcement action seeking to abate the allegedly illegal use. Seeking to discern who complained, Stein asked the Township for any and all records relating in any way to the commencement of the enforcement proceedings, including but not limited to written correspondence, memoranda, notes and materials that would identify the name of the complainant. The Township granted his request in part by providing him with copies of the enforcement notices dated April 26, 2007, and September 11, 2007. However, it denied that part of his request seeking the identity of the complainant stating that it was exempt from disclosure by Section 708(b)(17)(i) of the Right–to–Know Law (Law).[1] That provision provides that an exception exists for disclosure of records [2] of an agency relating to a

1. Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(17)(i).

2. Under Section 102 of the Law, 65 P.S. § 67.102, "Public record" is defined as:
A record, including a financial record, of a Commonwealth or local agency that:

(1) is not exempt under section 708;
(2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or
(3) is not protected by a privilege.
Under that same section, "record" is defined as:

noncriminal investigation, including, among other things, "complaints submitted to an agency."

Stein only appealed the Township's denial of the complainant's name to the OOR, which also denied his request, stating that because complaints are exempt from disclosure under Section 708(b)(17)(i) of the Law, any information in the complaint, including the complainant's name, would also be exempt because the record itself is exempt. (OOR's April 3, 2009 Final Determination at 5.) Stein appealed the OOR decision to the trial court, which affirmed the OOR's decision based on the same reasoning. This *pro se* [3] appeal followed.[4]

Stein contends that the OOR erred by refusing to provide him with the name of the complainant because with respect to Section 708(b)(17)(i) of the Law, the General Assembly chose to exempt only the "complaint" submitted to the agency, not the name of the person making the complaint.[5] More specifically, Stein contends that had the General Assembly intended to exempt the names of complainants from disclosure, it could have included such language in the statute as it did in subsection 708(b)(6) of the Law, 65 P.S. § 67.708(b)(6).[6] Because the General Assembly was cognizant of the fact that the names of persons in public records are subject to the Law's disclosure require-

Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

3. We note that Stein is an attorney choosing to represent himself.

4. The scope of review for a question of law under the Law is plenary. *Schenck v. Township of Center, Butler County*, 893 A.2d 849 (Pa.Cmwlth.2006).

5. Stein also argues that the name of the complainant should not be exempt from disclosure under the Law when the OOR based its final determination on the exemption for "investigative materials, notes, correspondence or reports" and on the exemption for a record which would reveal the "institution, progress or result of an agency investigation." However, the OOR did not base its final determination on either of those exemptions, only under the "complaint exemption." *See* OOR's April 3, 2009 Final Determination at 5. Stein also argues that the OOR incorrectly concluded that "the name of a complainant is a 'complaint submitted to an agency' within the meaning of § 67.708(b)(17)(i)." Howev-

er, the OOR actually stated that Stein was only appealing his denial to access of the name of any person who communicated with the Township regarding his property. "As set forth above, complaints are exempt from disclosure. Therefore, any information in the complaint, including the complainant's name would also be exempt because the record itself is exempt." (OOR's April 3, 2009 Final Determination at 5.)

6. That Section provides:

(b) Exceptions. Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:

* * *

(6)(i) The following personal identification information:

(A) A record containing all or part of a person's Social Security number, driver's license number, personal financial information, home, cellular or personal telephone numbers, personal e-mail addresses, employee number or other confidential personal identification number.

* * *

(ii) *Nothing in this paragraph shall preclude the release of the name*, position, salary, actual compensation or other payments or expenses, employment contract, employment related contract or agreement and length of service of a public official or an agency employee. (Emphasis added.)

ments and it chose not to exempt a "complainant" but only a "complaint," Stein contends that the OOR incorrectly determined that the statute included the names of complainants within the exemption for complaints.

■ 65 P.S. § 67.708(b)(6), the provision that Stein cites to, prevents public access to certain personal information when it is contained in a document or file to which access is otherwise allowed. When such protected-exempt from access-information is included in a document or digital file, Section 706 of the Law, 65 P.S. § 67.706,[7] applies. That provision allows access to the information contained in the document or digital file but with the protected information either redacted or segregated.

What Stein contends is that if the name of the person is not protected under Section 67.708(b)(6), then he should be entitled to the "identity" of the complainant.[8] However, in this case, we are not dealing with a document or digital file containing some information that is exempt from access and some that is not, but with information that is "exempt" from access under Section 65 P.S. § 67.708(17).[9] That provision makes all information "relating to a non-criminal investigation" exempt from access, including the names of individuals who filed the complaint that prompted the investigation.

■ Stein also argues that the name of the complainant is not exempt because Sections 908(3) and (5) of the Pennsylvania Municipalities Planning Code (MPC)[10]

---

7. 65 P.S. § 67.706 provides:

If an agency determines that a public record, legislative record or financial record contains information which is subject to access as well as information which is not subject to access, the agency's response shall grant access to the information which is subject to access and deny access to the information which is not subject to access. If the information which is not subject to access is an integral part of the public record, legislative record or financial record and cannot be separated, the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access. The agency may not deny access to the record if the information which is not subject to access is able to be redacted. Information which an agency redacts in accordance with this subsection shall be deemed a denial under Chapter 9.

See also 65 P.S. § 67.708(c).

8. Stein also argues that "the OOR committed an error of law in concluding that the name of the complainant in the public records sought by the appellant is exempt from disclosure requirements under the Right–to–Know Law on the basis that the agency conducted an investigation, when the agency's investigation was initiated upon the agency's internal evaluation of the information it received, not upon the name of the complainant." That

argument is without merit because all complaints are exempt from disclosure whether they caused the investigation to commence in whole or in part or not at all.

9. 65 P.S. § 67.708(17)(i) provides that the following are exempt from access by a requester under this act:

(17) A record of an agency relating to a noncriminal investigation, including:
(i) Complaints submitted to an agency.

10. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(3) and (5). Subsections (3) and (5) provide:

The board shall conduct hearings and make decisions in accordance with the following requirements:
(3) The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose.
\* \* \*
(5) The parties shall have the right to be represented by counsel and shall be afforded the opportunity to respond and present

give him the right to confront witnesses against him and present evidence in the enforcement proceeding and does not permit a complainant to remain anonymous. Among a myriad of other factual and legal flaws, that argument fails because this appeal involves whether the complainant's name must be disclosed under the Right-to-Know Law, not the MPC; if he has any rights to disclosure, he has to proceed in that forum.

■ Stein's final argument is that the OOR erred in refusing to allow him to review the complaint and view the complainant's name because the Township's enforcement proceedings may have been commenced against his properties for an improper purpose, diminishing the value of the properties to such an extent that they could be acquired by an interested party for a substantially reduced price. He further believes that persons associated with the Township's zoning office may have been involved in commencing the zoning-enforcement proceedings for that improper purpose. Just as an improper motive is not the reason to deny a request for information that the General Assembly has deemed accessible, an improper motive behind information does not make exempt records subject to disclosure.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 26th day of April, 2010, the order of the Court of Common Pleas of Montgomery County, dated May 26, 2009, is affirmed.

evidence and argument and cross-examine adverse witnesses on all relevant issues.

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

## CONCURRING OPINION BY Senior Judge FRIEDMAN.

I agree with the majority that the Right–to–Know Law (Law)[1] does not require Plymouth Township (Township) to disclose to Burton Stein (Stein) the name of the person who complained to the Township about Stein's alleged misuse of his properties. However, I write separately to offer an alternative analysis that follows, as closely as possible, the language of the Law.

The Township initiated a zoning enforcement action against Stein after receiving a complaint that Stein was using certain properties in violation of the zoning laws. Stein requested, pursuant to the Law, that the Township give him access to records disclosing the identity of the complainant. The Township denied the request because section 708(b)(17)(i) of the Law[2] exempts complaints from disclosure. Stein appealed to the Office of Open Records, which upheld the Township's decision, and, on further appeal, the Court of Common Pleas of Montgomery County affirmed. Stein now appeals to this court.

### I. Section 708(b)(17)(i)

Stein argues that, although section 708(b)(17)(i) of the Law exempts complaints from disclosure, the provision does not specifically exempt the complainant's identity. Stein points out that section 708(b)(6) of the Law exempts records containing specific personal information, and, thus, the General Assembly knew how to specifically exempt the name of the complainant in section 708(b)(17)(i) if it intended to do so. 65 P.S. § 67.708(b)(6). I reject this argument based on the clear language of the Law.

2. 65 P.S. § 67.708(b)(17)(i).

Section 701 of the Law[3] requires that, unless otherwise provided by law, a "public record" shall be accessible for inspection and duplication in accordance with the Law. Section 102 of the Law defines the term "public record," in part, as a "record ... that ... is not exempt under section 708."[4] 65 P.S. § 67.102. Section 102 of the Law defines the term "record," in part, as "[i]nformation ... that documents a transaction or activity of an agency and that is created, received or retained ... in connection with a transaction, business or activity of the agency." 65 P.S. § 67.102 (emphasis added).

Section 708(e) of the Law provides that, "[i]n determining whether a **record** is exempt from access under this section, an agency shall consider and apply each exemption separately." 65 P.S. § 67.708(e) (emphasis added). Therefore, in determining whether **information** received by an agency in connection with an activity is exempt from access, we consider each section apart from the others. Stein's attempt to construe section 708(b)(17)(i) of the Law based on section 708(b)(6) is improper.

Section 708(b)(17)(i) of the Law exempts from access a "record" relating to a noncriminal investigation, including "[c]omplaints submitted to an agency." 65 P.S. § 67.708(b)(17)(i). Based on the statutory definition of "record," this means that the **information in a complaint** received by an agency in connection with a noncriminal investigation is exempt[5] from access and, thus, is not a "public record." Accordingly, the name of a complainant contained in a complaint is exempt from access under section 708(b)(17)(i).

## II. Section 708(b)(6)

Despite the requirement that each exemption be considered separately, the majority considers section 708(b)(6) of the Law in conjunction with section 708(b)(17)(i). The majority states that section 708(b)(6) of the Law "prevents disclosure of certain personal information when it is contained in a document or file to which access is otherwise allowed." (Majority op. at 1182) (emphasis added). I disagree that section 708(b)(6) necessarily relates to personal information in documents or files to which access is otherwise allowed.

As indicated above, a "public record" is a "record" that is not exempt under section 708 of the Law. 65 P.S. § 67.102. Section 708(b)(6)(i)(A) exempts, *inter alia,* "a record containing all or part of a person's Social Security number, driver's license number, personal financial information, home, cellular or personal telephone numbers, personal email addresses, employee number or other confidential per-

---

3. 65 P.S. § 67.701.

4. I note that, because the legislature defined a "public record" to exclude a record that is "exempt" under section 708, an exempt record is not a "public record." The legislature could have defined "public record" as any record of a Commonwealth or local agency and then set forth various "exceptions" for their disclosure, but the legislature did not do so. The result of the chosen statutory scheme is that every "public record" is accessible to the public, without "exception," avoiding the

anomaly of having "public records" that are not public.

5. The majority states that section 708(b)(17)(i) provides an "exception" for disclosure of records relating to a noncriminal investigation. (Majority op. at 1180–81.) However, although section 708(b) is labeled "Exceptions," the provision states that it is setting forth matters that are "exempt" from access under the Law, referring back to the definition of "public record." 65 P.S. § 67.708(b). Thus, to reiterate, the Law requires disclosure of all "public records," without "exception."

sonal identification number." 65 P.S. § 67.708(b)(6)(i)(A). A document or file, i.e., a "record," containing the specified personal information is not a "public record"; thus, contrary to the majority's statement, no information in that "record" is accessible.

However, section 708(c) of the Law states that the "exceptions set forth in subsection (b) shall not apply to **financial records,** except that an agency may redact that portion of a financial record protected under subsection [(b)(6)]...." 65 P.S. § 67.708(c) (emphasis added). Therefore, a "financial record" containing the personal information in section 708(b)(6) is, except for the personal information, a "public record."

Based on the foregoing, I also would affirm.