IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Liquor Control Board,   :
            Petitioner   :
                       :
      v.               :
                       :
David Perretta,           :   No. 1470 C.D. 2018
            Respondent   :   Submitted: May 17, 2019

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: November 18, 2019

        The Pennsylvania Liquor Control Board (PLCB) petitions for review of the October 5, 2018 final determination of the Pennsylvania Office of Open Records (OOR) concluding that the Right-to-Know Law (RTKL)[1] request (Request) submitted by David Perretta (Requester) to the PLCB seeking a copy of a complaint allegedly filed by a particular individual, whom Requester identified by name, was not exempt from disclosure as a record relating to a noncriminal investigation under RTKL Section 708(b)(17)(i), 65 P.S. § 67.708(b)(17)(i). OOR's Final Determination at 5-10, Reproduced Record (R.R.) at 68a-73a. The PLCB requests that this Court reverse the final determination of the OOR and find that the requested

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

complaint, if it exists, is exempt from disclosure under the RTKL. Petition for Review at 5. Upon review, we reverse.

On August 8, 2018, Requester submitted his Request to the PLCB, seeking a copy of a complaint allegedly filed against him with the PLCB by a liquor store employee, whom Requester identified by name, around May 2015 when Requester was still a PLCB employee. Request, R.R. at 24a; Requester's Appeal at 1, R.R. at 31a. On August 15, 2018, the PLCB sent Requester a final response denying his Request because, among other reasons, the requested complaint was exempt from disclosure pursuant to the noncriminal investigation exemption contained in Section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17). PLCB Final Response at 1, R.R. at 2a.

On September 6, 2018, Requester filed an appeal with the OOR. Requester's Appeal at 1, R.R. at 8a. On September 7, 2018, the OOR e-mailed Requester and the PLCB a letter to advise them regarding the appeals process. OOR Letter, 9/7/18 at 1, R.R. at 4a. The OOR advised the parties as follows:

> **Statements of fact <u>must</u> be supported by an affidavit or attestation made under penalty of perjury by a person with actual knowledge.** Any factual statements or allegations submitted without an affidavit will not be considered. The agency has the burden of proving that records are exempt from public access (*see* 65 P.S. § 67.708(a)(1)). **To meet this burden, <u>the agency must provide evidence to the OOR.</u>** The law requires the agency's position to be supported by sufficient facts and citation to all relevant sections of the RTKL, case law and OOR Final Determinations.

*Id.* (emphasis in original). The PLCB submitted a position statement, contending that it properly denied the Request pursuant to the RTKL's noncriminal investigation

2

exemption because, "assuming for the sake of argument that a discrimination or sexual harassment complaint was filed against [Requester], that complaint would have been investigated by the PLCB as part of its legislatively granted official duties." PLCB Position Statement at 5-7, R.R. at 19a-21a (citing RTKL Section 708(b)(17), 65 P.S. § 67.708(b)(17)).

The PLCB submitted the affidavits of Jennifer Haas, Director of the PLCB's Department of Human Resources, and M. Kathryn Blatt, Human Resource Analyst 3 with the PLCB's Equal Opportunity Office. *See* Haas Affidavit, R.R. at 37a-38a; Blatt Affidavit, R.R. at 39a-40a. Haas attested that her duties include overseeing the Equal Opportunity Office and the Labor Relations Division. Haas Affidavit at 1, ¶ 2, R.R. at 37a. Haas further attested:

> 3. When complaints are made by or about PLCB employees, such complaints are investigated by either the [PLCB's] Labor Relations Division or the Equal Opportunity Office, depending on the specific nature of the complaints.
> 4. Complaints involving allegations of discrimination or sexual harassment are investigated by the Equal Opportunity Office in accordance with Commonwealth Management Directive 410.10 (Amended) and as required by, among other provisions of law, 42 U.S.C. §§ 2000e [to 2000e-17] and 43 P.S. §§ 951[to 963].
> 5. Complaints involving all other allegations of misconduct or wrongdoing by PLCB employees are investigated by the Labor Relations Division.
> 6. Any complaints that are received by either the [PLCB's] Labor Relations Division or the Equal Opportunity Office are thoroughly investigated and, if evidence supports the allegations, appropriate disciplinary or other corrective action is taken.

3

Haas Affidavit at 1-2, ¶¶ 3-6, R.R. at 37a-38a.

Blatt attested that she is "responsible for administering the PLCB's equal opportunity and disability services functions" and that, "[t]o that end, [she] . . . investigate[s] discrimination and sexual harassment complaints[.]" Blatt Affidavit at 1, ¶ 2, R.R. at 39a. Blatt stated that when she "receives complaints involving allegations of discrimination or sexual harassment, such complaints are investigated by the Equal Opportunity Office in accordance with Commonwealth Management Directive 410.10 (Amended) and as required by, among other provisions of law, [federal equal employment opportunity law,] 42 U.S.C. §§ 2000e [to 2000e-17] and [the Pennsylvania Human Relations Act[2]], 43 P.S. §§ 951 [to 963]." Blatt Affidavit at 1, ¶ 3, R.R. at 39a. Blatt further attested that Commonwealth Management Directive 410.10 outlines the steps that must be taken by the Equal Opportunity Office in investigating complaints of discrimination or sexual harassment and specifies which materials the investigative file must include. *Id.*, ¶ 4, R.R. at 39a. Blatt stated that "[a]ny documents that are maintained as part of the investigative file, including the complaint itself, are used solely for the purposes of conducting the investigation and are otherwise treated as sensitive and confidential," partly in order "to encourage cooperation with investigations and prevent [] possible retaliation." *Id.*, ¶ 5, R.R. at 39a. Blatt stated that "[a]ny complaints that are received by [the Equal Opportunity Office] are thoroughly investigated and, if any evidence supports the allegations, appropriate disciplinary or other corrective action is taken." *Id.*, ¶ 6, R.R. at 39a. Blatt further attested that "[i]f disciplinary action [was] warranted in any given case, the matter would be

---

[2] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951 – 963.

4

referred to the Labor Relations Division for further action." Blatt Affidavit at 2, ¶ 7, R.R. at 40a.

On September 27, 2018, the OOR requested that the PLCB provide a supplemental submission addressing "whether an investigation took place in relation to the [requested] complaint and what entity conducted the investigation." OOR E-mail, 9/27/18, R.R. at 51a. That same day, the PLCB responded, asking the OOR to reconsider its request. PLCB E-mail, 9/27/18 at 1, R.R. at 55a. The PLCB contended that, because the Request identifies the name of a specific individual, confirming whether an investigation took place would have the result of publicly confirming whether this particular complainant actually submitted a complaint. *Id.* The PLCB further asserted that complying with the OOR's request would contravene *Stein v. Plymouth Township*, 994 A.2d 1179 (Pa. Cmwlth. 2010), in which this Court held that complaints submitted to an agency that are exempt from access pursuant to the RTKL's noncriminal investigation exemption are exempt in their entirety, including the name or identity of the complainant. PLCB E-mail, 9/27/18 at 1, R.R. at 55a. The PLCB maintained that the affidavits it previously provided to the OOR sufficed to demonstrate that any complaints of misconduct received from or about a PLCB employee would have been investigated by the PLCB's Equal Opportunity Office or Labor Relations Division in accordance with the PLCB's official duties. *Id.*

On October 5, 2018, the OOR issued a final determination granting Requester's appeal and instructing the PLCB to provide a copy of the requested complaint to Requester within 30 days. OOR Final Determination at 11, R.R. at 74a. The OOR concluded that the PLCB failed to prove that the requested record is exempt as a record relating to a noncriminal investigation under RTKL Section

5

708(b)(17), 65 P.S. § 67.708(b)(17). OOR Final Determination at 8, R.R. at 71a. Relying on *Brown v. Pennsylvania Office of Inspector General* (Pa. Cmwlth., No. 730 C.D. 2016, filed Oct. 27, 2017), and *Black v. Pennsylvania State Police* (Pa. Cmwlth., No. 676 C.D. 2016, filed Nov. 23, 2016),[3] the OOR found that while the PLCB established that it has the legislatively granted authority under the Liquor Code[4] and Commonwealth Management Directive 410.10 to investigate complaints lodged against its employees, the PLCB failed to establish that an investigation regarding the requested complaint was actually conducted. OOR Final Determination at 7-8 & 10, R.R. at 70a-71a & 73a. The PLCB then appealed to this Court.[5]

Before this Court,[6] the PLCB argues that the OOR erred in determining that the requested complaint was not exempt from disclosure as an agency record relating to a noncriminal investigation under RTKL Section 708(b)(17), 65 P.S. § 67.708(b)(17). PLCB's Brief at 22. The PLCB contends that the complaint sought by Requester, assuming it exists, would be exempt from disclosure in its entirety, including the name of the complainant. *See id.* at 15 (citing *Stein*, 994 A.2d at 1182). The PLCB maintains that it had explained its legal obligations to investigate allegations of discrimination or sexual harassment, and asserts the affidavits it provided clearly indicate that all complaints made by or about PLCB employees are

---

[3] This Court's unreported memorandum opinions may be cited for persuasive value. Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

[4] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 1-101 to 10-1001.

[5] Requester failed to file a brief as ordered by this Court, and consequently, this Court precluded him from filing a brief. Cmwlth. Ct. Order dated 5/10/19.

[6] This Court's review of a final determination of the OOR is *de novo* and our scope of review is plenary. *Hunsicker v. Pa. State Police*, 93 A.3d 911, 913 n.7 (Pa. Cmwlth. 2014).

6

investigated by either the Labor Relations Division or the Equal Opportunity Office, depending on the specific nature of the complaint. *Id.* at 17 & 21. The PLCB contends that the OOR erred in focusing on the fact that the PLCB did not provide an affidavit indicating that the requested complaint was actually received and investigated. *Id.* Further, the PLCB asserts that the OOR erred in relying upon *Black* and *Brown*, as those cases are distinguishable given the wording of those requests. The PLCB claims that, unlike *Black* and *Brown*, "there was no opportunity here for [it] to prove that a responsive complaint was received and investigated without also publicly revealing or confirming the identity of the alleged complainant." *Id.* at 19. The PLCB maintains that revealing or confirming the identity of a complainant "would defy logic and ignore the obvious and recognized purposes for which the 'complaint' provision within the noncriminal investigation exemption exists in the first place—to prevent retaliation and avoid discouraging persons from making complaints concerning alleged wrongs." *Id.* at 20 (citing *Dep't of Health v. Office of Open Records*, 4 A.3d 803, 811-12 (Pa. Cmwlth. 2010)).[7]

---

[7] The PLCB also argues that Requester's failure to include a copy of his August 8, 2018 RTKL Request with his OOR appeal warrants dismissal in accordance with the OOR's Procedural Guidelines. PLCB's Brief at 35 & 36 (citing OOR Procedural Guidelines §§ IV(B)(1)(a) & IV(C)(1)(a)). The PLCB notes that after it received Requester's OOR appeal documents, Requester supplied a handwritten document purportedly summarizing, yet differing from, his initial Request. *See id.* at 36; *see also* Requester's Handwritten Appeal Document, R.R. at 12a. The OOR rejected the PLCB's argument that Requester's appeal was deficient, noting that the PLCB provided a copy of the August 8, 2018 Request with its submission, such that the OOR had a copy of the correct request language for purposes of review on appeal. OOR Final Determination at 2 n.1, R.R. at 65a (citing RTKL Section 1102(b)(3), 65 P.S. § 67.1102(b)(3) (stating that "[i]n the absence of a regulation, policy or procedure governing appeals under this chapter, the appeals officer shall rule on procedural matters on the basis of justice, fairness and the expeditious resolution of the dispute")). We have previously noted that "[t]he OOR[] has not adopted regulations similar to the provisions found in Chapter 5 of Title 2 [of the Administrative Agency Law, relating to practice and procedure of Commonwealth agencies]; rather, it has only adopted 'Interim Guidelines' that do not constitute duly promulgated regulations." *Bowling v. Office of Open Records*, 75 A.3d 453, 471 n.20 (Pa. 2013). "It is well settled that regulations not

We begin with an overview of the RTKL. "The objective of . . . [the RTKL] . . . is to empower citizens by affording them access to information concerning the activities of their government." *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012). Further, the RTKL is remedial in nature and is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials and make public officials accountable for their actions." *Pa. Dep't of Educ. v. Bagwell*, 114 A.3d 1113, 1122 (Pa. Cmwlth. 2015). "[C]ourts should liberally construe the RTKL to effectuate its purpose[.]" *Barnett v. Pa. Dep't of Pub. Welfare*, 71 A.3d 399, 403 (Pa. Cmwlth. 2013).

A record in the possession of a Commonwealth agency shall be presumed to be a public record. RTKL Section 305(a), 65 P.S. § 67.305(a). This presumption shall not apply if the requested record is exempt under the RTKL, is exempt from disclosure under any other federal or state law or is protected by a privilege. *Id.* "An agency bears the burden of proving, by a preponderance of the evidence, that a record is exempt from disclosure under one of the enumerated exceptions." *Brown v. Pa. Dep't of State*, 123 A.3d 801, 804 (Pa. Cmwlth. 2015). "A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to a more likely than not inquiry." *Delaware County v. Schaefer ex rel.*

---

promulgated pursuant to the Commonwealth Documents Law[,] [Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§ 1102-1602, 45 Pa.C.S. §§ 501-907,] have no force or effect and may not form the basis of an agency's action." *Cmty. Country Day Sch. v. Dep't of Educ.*, 414 A.2d 428, 431 (Pa. Cmwlth. 1980). Thus, we find that the OOR did not err in denying the PLCB's request that it dismiss Requester's appeal for failure to include a copy of the Request. *See Kokinda v. County of Lehigh* (Pa. Cmwlth., No. 1146 C.D. 2013, filed Feb. 25, 2014), slip op. at 4 (holding that the "OOR's dismissal of [the] [r]equester's appeal on the ground that he failed to follow the OOR's Interim Guidelines" by neglecting to include a copy of the RTKL request and/or agency response "was without any legal basis").

*Phila. Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012). However, "[e]xemptions from disclosure must be narrowly construed due to the RTKL's remedial nature . . . ." *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1100 (Pa. Cmwlth. 2013).

RTKL Section 708(b)(17)(i) exempts from disclosure "record[s] of an agency relating to a noncriminal investigation, including . . . [c]omplaints submitted to an agency." 65 P.S. § 67.708(b)(17)(i). In order to invoke the exemption, the agency must conduct the noncriminal investigation as part of its official duties—that is, while "acting within its legislatively-granted fact-finding and investigative powers." *Johnson v. Pa. Convention Ctr. Auth.*, 49 A.3d 920, 925 (Pa. Cmwlth. 2012). The noncriminal investigation exemption is intended to encourage information sharing and promote cooperation with investigations, recognizing that persons are less likely to provide valuable information out of fear of retaliation or public embarrassment absent certain safeguards against disclosure. *See Pa. Pub. Util. Comm'n v. Gilbert*, 40 A.3d 755, 761 (Pa. Cmwlth. 2012); *Dep't of Health*, 4 A.3d at 811-12. This Court has specifically held that this exemption protects "the names of individuals who filed the complaint that prompted the investigation." *Stein*, 994 A.2d at 1182.

Here, the OOR found that the PLCB failed to meet its burden to establish that the requested complaint, if it existed, was exempt from disclosure pursuant to the RTKL's noncriminal investigation exemption. OOR Final Determination at 9-10, R.R. at 72a-73a (citing RTKL Section 708(b)(17)(i), 65 P.S. § 67.708(b)(17)(i)). For the following reasons, we disagree.

Requester requested the complaint that was filed against him by an employee of the PLCB while Requester was also an employee of the PLCB. The Haas and the Blatt affidavits make clear that when complaints are made by or about

9

PLCB employees, all such complaints are investigated by either the PLCB's Labor Relations Division or the Equal Opportunity Office, depending on the specific nature of the complaints, pursuant to Commonwealth Management Directive 410.10 (Amended) and as required by, among other provisions of law, 42 U.S.C. §§ 2000e to 2000e-17 and 43 P.S. §§ 951 to 963. Haas Affidavit at 1, ¶¶ 3-4, R.R. at 37a, Blatt Affidavit at 1, ¶ 3, R.R. at 39a. As such, the requested record, the employee complaint against the Requester, falls squarely within the exemption described in RTKL Section 708(b)(17)(i), 65 P.S. § 67.708(b)(17)(i), exempting records "relating to a noncriminal investigation, including . . . [c]omplaints submitted to an agency."

As stated, in order to establish an exemption from disclosure under the RTKL, an agency need only satisfy the preponderance of the evidence standard, which is the lowest evidentiary standard and "has been defined as 'such proof as leads the fact-finder . . . to find that the existence of a contested fact is more probable than its nonexistence.'" *Pa. State Troopers Ass'n v. Scolforo*, 18 A.3d 435, 439 (Pa. Cmwlth. 2011) (quoting *Pa. Dep't of Transp. v. Agric. Lands Condemnation Approval Bd.*, 5 A.3d 821, 827 (Pa. Cmwlth. 2010)). Further, to satisfy its burden of proof, an agency may submit an affidavit. *See Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010). Here, we conclude that the sworn affidavits submitted by the PLCB were legally sufficient to establish that, "more likely than not," it conducted a noncriminal investigation of the complaint.[8] *See Delaware*

---

[8] Although the OOR cites to our unreported decisions of *Black* and *Brown* for the proposition that an agency must demonstrate that an investigation was in fact conducted with respect to the requested complaint in order to claim the noncriminal investigation exemption, we agree with the PLCB that these cases are distinguishable, as both involved RTKL requests that did not identify the alleged complainants by name. Thus, in those cases, the agencies were able to provide affidavits specifically establishing that investigations had been conducted with respect to the requested complaints in order to establish the noncriminal investigation exemption without automatically divulging the complainants' names.

*County*, 45 A.3d at 1156. Thus, we find that the OOR erred in determining that the PLCB failed to prove that the requested complaint, assuming it exists, was exempt from disclosure as a record relating to a noncriminal investigation under RTKL Section 708(b)(17)(i), 65 P.S. § 67.708(b)(17)(i).[9]

Accordingly, we reverse.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[9] Due to our disposition, we need not address the PLCB's remaining arguments regarding: (1) exemption from disclosure for records containing written criticisms of an agency employee, *see* RTKL Section 708(b)(7)(vi), 65 P.S. § 67.708(b)(7)(vi); (2) exemption from disclosure for records containing grievance material pertaining to an agency employee, *see* RTKL Section 708(b)(7)(vii), 65 P.S. § 67.708(b)(7)(vii); (3) that the OOR erred in failing to address the procedural due process implications of its failure to provide the alleged third-party complainant an opportunity to participate; and (4) that the OOR erred by failing to rule on or otherwise acknowledge the PLCB's response to the OOR's request that the PLCB supplement the record. *See* PLCB's Brief at 22, 30 & 33.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Liquor Control Board, : 
               Petitioner : 
                : 
         v. : 
                : 
David Perretta, :   No. 1470 C.D. 2018
           Respondent : 

O R D E R

AND NOW, this 18th day of November, 2019, the October 5, 2018 final determination of the Office of Open Records is REVERSED.

 

_____
CHRISTINE FIZZANO CANNON, Judge